**Slip Op. 13-62**

**UNITED STATES COURT OF INTERNATIONAL TRADE**

| |
|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　　Plaintiff,<br><br>　　　v.<br><br>TENACIOUS HOLDINGS, INC. (formerly known as Ergodyne Corporation),<br><br>　　　　　　　　Defendant. |

**Before: Gregory W. Carman, Judge**
Court No.  12-00173

**OPINION AND ORDER**

[Defendant's Motion to Dismiss is denied.]

Dated: May 15, 2013

　　　Joshua A. Mandlebaum, Trial Attorney, Commerical Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Plaintiff.  With him on the brief were Stuart F. Delery, Acting Assistant Attorney General, Jeanne E. Davidson, Director, and Franklin E. White, Jr., Assistant Director.  Of counsel on the brief was Philip J. Hiscock, Staff Attorney, Office of Associate Chief Counsel, U.S. Customs and Border Protection, of Chicago, IL.

　　　John M. Peterson, Richard F. O'Neill, and Russell A. Semmel, Neville Peterson LLP, of New York, NY, for Defendant.

**Carman, Judge:** Before the Court is a motion to dismiss filed by Defendant Tenacious

Holdings, Inc. ("Tenacious"), formerly known as Ergodyne Corporation ("Ergodyne").[1]

---

　　　[1] Because Tenacious is the successor in interest to Ergodyne, the parties will both be referred to in this opinion as "Tenacious" for ease of reference.

Tenacious asks the Court to dismiss the case pursuant to USCIT Rule 12(b)(5) for failure

to state a claim upon which relief can be granted.  In brief, Tenacious argues that the

claims underlying the suit of the United States were required to be brought, pursuant to

USCIT Rule 13(a), as compulsory counterclaims in a separate case at the Court of

International Trade ("CIT")—the action Ergodyne, Inc. v. United States, Court No. 10-

00200 ("the Ergodyne case").[2]  Tenacious reasons that the government's failure to assert

the penalty claims underlying this case as counterclaims in Ergodyne requires that the

Court dismiss the present case.

   The Court finds that USCIT Rule 13(a) does not prevent the government's

penalty suit from going forward, and the motion to dismiss will therefore be denied.

## Background

   To resolve Tenacious's motion to dismiss, it is first necessary to set forth the

proceedings that have occurred in this case and the interrelated case of Ergodyne.

   On July 14, 2010, Tenacious filed the Ergodyne case, naming the United States as

defendant.  See Summons, Court No. 10-00200, ECF No. 1.  Tenacious initiated the

Ergodyne case by the filing of a summons, but no complaint—an option permitted by

USCIT Rule 3(a).  Under USCIT Rule 83, cases initiated by the filing of a summons

_____

   [2] The Ergodyne case is currently pending on the CIT reserve calendar and has not
yet been assigned to a judge.

without a complaint may be placed on the Court of International Trade's (CIT) reserve

calendar for a period of 18 months, or longer if the Court grants an extension, before a

complaint must be filed.  The Ergodyne case was permitted to remain on the reserve

calendar without the filing of a complaint until July 30, 2012 on consent of the United

States.[3]

On June 22, 2012, while the time for filing a complaint in the Ergodyne case was

under extension, the government filed this penalty case as Court No. 12-00173 (the

"Tenacious case").  About one month after the government filed the Tenacious case,

Tenacious sought an extension until the end of 2012 for the Ergodyne case to remain on

the reserve calendar.  The government opposed the motion.  The Court nevertheless

granted a partial extension in the Ergodyne case, delaying Tenacious's deadline for the

filing of its complaint until November 13, 2012 (later extended until December 13, 2012

on the consent of the government).

During the second extension of time for the Ergodyne case to remain on the

reserve calendar, Tenacious filed the motion to dismiss the Tenacious case that is

currently before the Court.  Tenacious argues by its motion that the penalty claims

asserted by the government must be dismissed because they are actually counterclaims

_____

[3] For the description of the history of the Ergodyne case, see generally Docket,
Court No. 10-00200.

that may only be pleaded in the <u>Ergodyne</u> case.[4]  The government filed its opposition to

Tenacious's motion to dismiss the <u>Tenacious</u> case on November 7, 2012, and Tenacious

filed a reply in support of the motion on December 3, 2012.  The motion has been under

submission to the Court for decision since December 17, 2012.

On December 22, 2012, five days after Tenacious filed its motion to dismiss the

<u>Tenacious</u> case, Tenacious moved for a stay of all proceedings in the <u>Ergodyne</u> case

until such time as its motion to dismiss the <u>Tenacious</u> case was decided.  The

government opposed.  The court denied Tenacious's request for a stay and set February

22, 2013 as the deadline by which Tenacious was required to file its complaint in the

<u>Ergodyne</u> case.  Tenacious timely filed its <u>Ergodyne</u> complaint and the United States

answered on May 9, 2013.

### JURISDICTION & STANDARD OF REVIEW

The Court has jurisdiction over this case pursuant to 28 U.S.C. § 1582 (2006).[5]

Tenacious's motion to dismiss is brought pursuant to USCIT Rule 12(b)(5), which

---

[4] At the time Tenacious asserted this argument in its motion to dismiss the <u>Tenacious</u> action, the <u>Ergodyne</u> action lay dormant on the reserve calendar, no complaint having been filed.  This was a direct result of the Court's grant of Tenacious's motion for an extension in the <u>Ergodyne</u> case over the government's objection.

[5] Unless otherwise specified, all statutes are cited to the 2006 edition of the United States Code.

permits a party to assert, in motion form, the defense of "failure to state a claim upon

which relief can be granted."  In deciding such a motion, "the Court assumes that all

well-pled factual allegations are true, construing all reasonable inferences in favor of the

nonmovant."  Cisco Systems, Inc. v. United States, 804 F. Supp. 2d 1326, 1330, 35 CIT

___, ___ (2011) (internal quotations and citations omitted).  The Supreme Court has

indicated that, "[t]o survive a motion to dismiss, a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"

Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550

U.S. 544, 570 (2007)).

DISCUSSION

I.      **Contentions of the Parties**

  *A.*      *Tenacious*

    1.      Penalty Claims Are Compulsory Counterclaims

Tenacious starts from the premise that, as to the 35 entries whose classification is

disputed in the Ergodyne case and upon which the United States also seeks to impose

penalties in the current case, the government can only seek to recover civil penalties for

negligent misclassification by filing its penalty claim as a counterclaim in the Ergodyne

case.  Def.'s Mem. of Law in Supp. of Def.'s Mot. to Dismiss ("Def. Mem.") at 3-4, ECF

No. 10-2.  Tenacious claims this despite the fact that (as of the time Tenacious filed this

motion) it had not yet filed a complaint in the <u>Ergodyne</u> case; in Tenacious's view, the

absence of a complaint in the <u>Ergodyne</u> case was a difficulty that the government was

obliged to overcome by forcing Tenacious to file its complaint.  Def. Mem. at 4.

     As statutory support for this theory, Tenacious invokes 28 U.S.C. § 1583, which

vests exclusive jurisdiction in the CIT to enter judgment on "any counterclaim" in a civil

action filed at the CIT, if the counterclaim "involves the imported merchandise that is

the subject matter of such civil action" or "is to recover upon a bond or customs duties

relating to such merchandise."  <u>Id.</u> at 4.  Tenacious also cites USCIT Rule 13(a), which

states:  "A pleading must state as a counterclaim any claim that — at the time of its

service — the pleader has against an opposing party if the claim (1) involves the

imported merchandise that is the subject matter of the civil action, or (2) is to recover on

a bond or customs duties relating to such merchandise."  Tenacious suggests that

§ 1583, taken in conjunction with Rule 13(a), requires that "a claim <u>must be</u> pleaded as a

counterclaim in the CIT if it involves the imported merchandise that is the subject

matter of [the] civil action."  Def.'s Reply in Supp. of Def.'s Mot. to Dismiss ("Reply") at

3, ECF No. 19 (emphasis added, internal quotations omitted).  Tenacious reasons that

the government's penalty claims in the <u>Tenacious</u> case involve "the imported

merchandise that is the subject" of the Ergodyne case because they stem in large part

from the classifications Tenacious gave to entries that are the focus of the Ergodyne

classification case.  Def. Mem. at 6-7 (internal quotations omitted).  It was therefore

mandatory, according to Tenacious, for the government to bring those claims as

counterclaims in the Ergodyne case, and to avoid initiating a separate penalty case as

the government did in commencing the Tenacious case.  Id. at 7.

        2.        Failure to Assert Penalty as Counterclaim Requires Dismissal

       Tenacious urges the Court to dismiss the government's complaint as to the 35

entries that overlap with the Ergodyne case, claiming that such a consequence is

required for violation of the compulsory counterclaim rule.  Id. at 9-11.  Tenacious gets

to this conclusion by claiming that, "[b]ecause the Government's claims are barred, the

Court cannot grant relief thereupon" and that "[t]he principles of judicial economy,

expediency, and fairness weigh heavily in favor of dismissing this action, rather than

allowing two duplicative lawsuits . . . to move forward on separate tracks."  Id. at 10.

        3.        Dismissal Required as to Entries Not Overlapping Ergodyne Case

       The penalty claims in the Tenacious case are based on allegedly negligent

misclassification of the 35 entries underlying the Ergodyne case, as well as 16 other

entries.  Id. at 11.  Tenacious suggests that the complaint in the Tenacious case should be

dismissed in its entirety, and not just as to the 35 entries that overlap, "without

prejudice to the filing of a new, properly-pleaded action," apparently as a punishment

"because there was no reasonably [sic] excuse for the government's disregard of the

applicable rules."  Id.

Tenacious supports this aspect of its argument by citing USCIT Rules 3(a) and

13(h), along with case law.  Since the Ergodyne case was formally "commenced," within

the meaning of USCIT Rule 3(a), by the filing of a summons, argues Tenacious, the

government should have known that it had to file any penalty claims in that action.  Id.

at 12.  And while Tenacious admits that it filed no complaint in the Ergodyne case, and

therefore the government could not yet file a counterclaim, Tenacious insists that the

government was nevertheless barred from filing a separate penalty action.  Id.  Instead,

Tenacious suggests that the government should have subjected Tenacious to motion

practice in order to force Tenacious to file its complaint in the Ergodyne case, allowing

the government to bring its penalty action via counterclaims there.  Id. at 12-13.

Specifically, Tenacious argues that the government had to employ USCIT Rule 13(h),

which provides a mechanism by which a defendant "may file a  motion demanding that

the plaintiff file a complaint" which, "[i]f the court grants" the motion, would result in

the plaintiff being obliged to file the complaint within 30 days. Id. at 13-14.  Tenacious

claims that the government's failure to force the filing of a complaint in the <u>Ergodyne</u>

case as a means to file its penalty claims in that action was tantamount to "wast[ing]

judicial resources" and the <u>Tenacious</u> case should be dismissed because the government

"wantonly disregarded the Court's rules." <u>Id.</u> at 14-15.

> B.   *United States*

>> 1.   <u>Penalty Claims Are Not Compulsory Counterclaims</u>

The government, in countering Tencious's position, starts by noting the

following language in USCIT Rule 13(a): "a <u>pleading</u> must state as a counterclaim any

claim that—<u>at the time of its service</u>—the pleader has against an opposing party."  Pl.'s

Resp. to Def.'s Mot. to Dismiss, ECF No. 16, at 5 (emphasis in original).  The

government views this language as indicating only "that parties must include in their

answers any claims that they have at that time," rather than providing any "limitations

whatsoever on a party's conduct <u>prior</u> to the filing of its answer."  <u>Id.</u> (emphasis in

original).  The government states that "neither USCIT Rule 13(a), nor any other

authority, considers our already-filed penalty claims to be compulsory counterclaims to

Ergodyne's as-yet unfiled complaint."  <u>Id.</u> at 6.

>> 2.   <u>Litigating Penalty Claims in Ergodyne Would Be Inefficient</u>

The government admits that penalty claims and classification claims may have

"some overlap when, as here, the basis for a penalty allegation is an incorrect

classification asserted on entry documents," but argues that "there is not always overlap

between a classification challenge and a penalty claim based on misclassification."  Id. at

7.  The two kinds of actions also differ in jurisdictional bases, elements, and jury trial

rights, the government asserts.  Id. at 8.  All of this would lead to inefficiency if the two

kinds of claims were forced to be litigated in one action.  Id. at 6-7.  The government

points out that the entries underlying the two claims also may differ, as they do here,

requiring an additional action to cover the non-shared entries.  Id. at 8.

3.     The Government Cannot Force Filing of Complaint

The government also rejects Tenacious's claim that the government could have

forced the filing of a complaint in the Ergodyne case by filing a USCIT Rule 13(h)

motion, so that the government could then have brought its penalty claims in that

action.  The government gives four reasons this claim should fail:  Rule 13(h) does not

indicate that a failure to file a Rule 13(h) motion waives claims; Rule 13(h) permits the

filing of a motion for the lodging of a complaint, but does not require it; since the Court

can deny a Rule 13(h) motion, using such a motion to force filing of a complaint cannot

be a mandatory prerequisite for asserting a claim; and even the granting of a Rule 13(h)

motion would not always result in the filing of a complaint, since the plaintiff could

voluntarily dismiss its complaint instead and thereby prevent the filing of a

counterclaim.  <u>Id.</u> at 10-11.

      4.      <u>Tenacious's View of Rule 13 Encourages Inefficiency</u>

     The government also points out that adopting the view of Rule 13 espoused by

Tenacious would encourage gamesmanship by litigants before the CIT.  <u>Id.</u> at 11.  An

importer anticipating a penalty claim, for instance, could file a classification claim and

subsequently delay filing its complaint as long as possible "in the hope that the statute

of limitations would expire before the Government could file an answer."  <u>Id.</u>  This and

other potential gamesmanship permitted by Tenacious's view of Rule 13 would reduce

litigation fairness and efficiency.  <u>Id.</u>

      5.      <u>Authorities Counter Tenacious's View of Rule 13</u>

     The government also notes that case law from this court has rejected prior

attempts by importers to preclude later penalty actions based on prior classification

decisions on the same entries, and to forestall or compel penalty actions.  <u>Id.</u> at 12 (citing

cases).  Similarly, the government notes that 19 U.S.C. § 1621 allows five years for the

filing of a penalty action, and that requiring such actions to be asserted as compulsory

counterclaims to classification cases brought far earlier would nullify that statute of

limitations.  <u>Id.</u> at 13.

Finally, the government notes that it already attempted to elicit a complaint in

the Ergodyne case by opposing a request for an additional six month extension for the

filing of a complaint, and suggests that taking such a step was effectively the same as

filing a Rule 13(h) motion.  Id. at 13-14.

## II.     Analysis

According to USCIT Rule 13(a), "[a] pleading must state as a counterclaim any

claim that — at the time of its service — the pleader has against an opposing party if the

claim (1) involves the imported merchandise that is the subject matter of the civil action,

or (2) is to recover on a bond or customs duties relating to such merchandise" (emphasis

added).

The Court of International Trade rule parallels the compulsory counterclaim rule

under the same number in the Federal Rules of Civil Procedure.[6]  As the Supreme Court

has explained in the context of the Federal Rules, the compulsory counterclaim

requirement "was designed to prevent multiplicity of actions and to achieve resolution

in a single lawsuit of all disputes arising out of common matters.  The Rule was

---

[6] In the United States district courts, "[a] pleading must state as a counterclaim any claim that—at the time of its service—the pleader has against an opposing party if the claim:  (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim; and (B) does not require adding another party over whom the court cannot acquire jurisdiction."  Fed. R. Civ. P. 13(a).

particularly directed against one who failed to assert a counterclaim in one action and

then instituted a second action in which that counterclaim became the basis of the

complaint." <u>Southern Construction Co., Inc. v. Pickard</u>, 371 U.S. 56, 60 (1962).

     This would typically take the form of a defendant in hypothetical Lawsuit #1

failing to plead an intimately connected claim as a counterclaim, then later initiating (as

the plaintiff) hypothetic Lawsuit #2 against the plaintiff in Lawsuit #1 on the basis of the

very claim never raised in Lawsuit #1.  A litigant's violation of Rule 13(a) in this

manner, by failing to assert claims as compulsory counterclaims, "is usually applied in

subsequent litigation on res judicata or estoppel principles." <u>Handy v. Shaw, Bransford,</u>

<u>Veilleux & Roth</u>, 325 F.3d 346, 350 (D.C. Circuit 2003) (citing cases).  In other words,

referring back to the hypothetical example above, rather than asking the court to

prevent Lawsuit #2 from continuing via an injunction or order of dismissal, the

defendant in Lawsuit #2 may claim that the matter has already been resolved in Lawsuit

#1 and avoid entry of a further judgment on the underlying transaction or occurrence

via res judicata.  <u>See id.</u> at 350-51.

     The current case is complicated by the Court of International Trade's unique

procedures for initiation of a suit brought pursuant to 28 U.S.C. § 1581(a) or (b).  Under

the Federal Rules of Civil Procedure, "[a] civil action is commenced by filing a

complaint with the court."  Fed. R. Civ. P. 3.  In contrast, an action in the CIT to

challenge Customs' denial of a protest is initiated by filing of a summons only, which

comprises the initial pleading in such actions.  28 U.S.C. § 2632(b); USCIT Rule 3(a)(1);

DaimlerChrysler Corp. v. United States, 442 F.3d 1313, 1317-18 (Fed. Cir. 2006)

(concluding that "the initial pleading in actions to contest the denial of a protest is the

summons").  The Ergodyne case, in which Tenacious is the plaintiff under its former

name of Ergodyne, challenges Customs' denial of a protest and was, accordingly,

initiated by the filing of a summons as the initial pleading, even though no complaint

was filed at that time.  See Docket, Court No. 10-00200.

     This unique procedure for initiating suit made a difference here because, under

USCIT Rule 7(a)(2), an answer can only be filed in response to a complaint and thus

cannot be filed until such time as a complaint is filed.  Eastalco Aluminum Co. v. United

States, 14 CIT 724, 734, 750 F. Supp. 1135, 1142-43 (1990).  Indeed, suits are initiated by

complaint in the district courts and defendants may file an answer in response as soon

as they like, but a plaintiff in a CIT classification case may, by rule, delay filing its

complaint for over 18 months after commencement of suit.  USCIT Rule 83(a)

(providing 18 months for filing complaint, calculated from end of month in which

summons was filed).  This lengthy period for filing of a complaint can also be extended,

with no explicit time limitations imposed on such extensions.  USCIT Rule 83(d).  In the

<u>Ergodyne</u> case, the time for filing of a complaint was extended repeatedly—on one

occasion, over the government's opposition; the complaint was not filed until February

22, 2013, after the present motion was under submission to the Court for decision.  <u>See</u>

Docket, Court No. 10-00200.

    In the case before the Court, these procedural features of CIT classification

lawsuits conspired to create a dilemma for the government:  while the <u>Ergodyne</u> case

sat dormant for well over two years, the statute of limitations for the government to sue

for recovery of civil penalties expired as to several of Tenacious's entries that were

allegedly misclassified by negligence.  This meant that the government faced the need

to take action to preserve its access to legal remedies.  The government then initiated

this penalty suit.

    The government presents a tempting but ultimately flawed argument:  that the

language of USCIT Rule 13(a) only imposes requirements at the moment a pleading is

filed, and therefore could not apply to the government because its time to answer in the

<u>Ergodyne</u> case did not arise under May 9, 2013 (its deadline to answer).  This argument

appears at first blush to be supported by this passage in USCIT Rule 13(a): "a pleading

must state as a counterclaim any claims that—<u>at the time of its service</u>—the pleader has

against an opposing party" (emphasis added).  This language lends itself to a reading

that the rule's obligation is strictly pinned to the moment of service of the answer and

does not exist at other times.  Such is the reading offered by the government.  But the

reading cannot be correct, because such an interpretation would undercut the core

reason that the rule was implemented in the first place.  As the Supreme Court stated in

Southern Construction, Rule 13(a) of the Federal Rules of Civil Procedure "was

designed to prevent multiplicity of actions," and in particular to prevent a party that

failed to assert a counterclaim from later initiating separate litigation on the basis of that

claim.  371 U.S. at 60.  But if the time of the Rule 13(a) obligation were read narrowly,

the rule could no longer serve its purpose; every defendant could commence a collateral

lawsuit based on the same imported merchandise, so long as it filed the collateral suit

between the commencement of the primary suit and the deadline for answering.  A too-

narrow reading of the timing of Rule 13(a) would thus render the rule void, and must

be rejected as counter to the underlying purpose of the rule.

It is likely for this reason that courts have indicated that the counterclaim

obligation arises upon commencement of suit, so that all claims must be asserted in the

first-commenced action.  Yet this reading, espoused by Tenacious, also leads to absurd

results:  when combined with the procedure for commencement of suit by summons,

defendants are left unable to answer for over 18 months and are thus unable to assert

any counterclaims as the statute of limitations period winds down.

Tenacious offers a solution:  the defendant with a counterclaim that cannot be

brought should be required to file a USCIT Rule 13(h) motion for a court order forcing

the plaintiff to file its complaint, after which the defendant will be able to answer and

assert its counterclaim.  The Court rejects this reading of USCIT Rule 13 as manifestly

unfair, since it would perversely allow plaintiffs to force defendants into motion

practice just for the opportunity to file an answer.  The Court agrees with the

government that such an interpretation would open the door to procedural abuses in

which plaintiffs could attempt to quell their defendants' claims by delaying the

defendants' ability to answer and forcing them to incur the costs of motion practice

simply to be able to answer the suit against them.  The Court also agrees with the

government that there is further cause for rejecting this argument because USCIT Rule

13(h) provides no guarantee that a motion brought to force the filing of a complaint will

be granted.

The Court has not located any authority directly on point to resolving this issue,

and the parties have not alerted the Court to any such authority.  However, other courts

have resolved disputes requiring application of USCIT Rule 13(a) (or its analog in the

Federal Rules of Civil Procedure) in circumstances that make those opinions instructive.

Perhaps most relevant is <u>Southern Construction</u>.  In <u>Southern Construction</u>, the

Supreme Court addresses a situation created by a specific statutory arrangement under

which the plaintiff "was required . . . to split [his] claims and to bring two separate

actions in two different districts."  371 U.S. at 60.  The court decided that Rule 13(a) of

the Federal Rules of Civil Procedure "did not compel this counterclaim to be made in

whichever of the two suits the first responsive pleading was filed."  <u>Id.</u> at 61.  To reach

this conclusion, the court noted that Rule 13(a) "was designed to prevent multiplicity of

actions," and in particular to prevent a party that failed to assert a counterclaim from

later initiating separate litigation on the basis of that claim.  <u>Id.</u> at 60.  Considering the

policy and purpose behind Rule 13(a), the court permitted the claim to go forward

because it found no sign of the "circuity of action that Rule 13(a) was aimed at

preventing," since the plaintiff's bringing of multiple actions was required by statute.

<u>Id.</u> at 61.

Southern Construction shows that it is the <u>purpose</u> of the compulsory

counterclaim rule that must be the ultimate touchstone in resolving a case in which

procedural idiosyncrasies cloud proper application of the rule.  Here, as in <u>Southern

Construction</u>, statutory quirks make straight-forward application of Rule 13(a)

impossible.  In <u>Southern Construction</u>, those quirks required filing of actions in separate

districts.  In this case, a perfect storm was created by the requirement that a complaint

be filed before a counterclaim may be lodged, the compulsory counterclaim rule, and

the extensive delay provided in the rules between commencement of the action and

filing of the complaint in the <u>Ergodyne</u> case.  And here, as in <u>Southern Construction</u>,

there are two lawsuits related to the same underlying substance, but there is no circuity

of action by the party who has failed to lodge its claims as counterclaims.

Given the lack of activity in the <u>Ergodyne</u> case, the Court rejects any notion that

the government filed the <u>Tenacious</u> case as a means of opening multiple parallel

litigation to engage in the gamesmanship that Rule 13(a) was designed to eliminate.

The Court will therefore deny Tenacious's motion to dismiss.

This result also accords with the generally agreed upon principal that Rule 13(a)

operates by res judicata to bar future suits pursued after judgment, but does not serve

as a basis for preventing the government from pursuing its claims prior to either case

reaching judgment.  <u>See</u> <u>Handy</u>, <u>supra</u>, 325 F.3d at 350-51 (citing cases to support

conclusion that compulsory counterclaim rule is applied in "subsequent litigation on res

judicata or estoppel principles").

The Court also points out that, to the extent either party still wishes to litigate the

issues in the <u>Ergodyne</u> and <u>Tenacious</u> cases together, that party may file a motion

requesting that the Court consolidate the actions under USCIT Rule 42(a)(2).  Given that

Rule 42 provides an avenue for merging the two cases and treating them together, it

appears that Tenacious will not be prejudiced by any error, however unlikely, that may

exist the Court's denial of the present motion to dismiss.

### Conclusion

The Court has carefully considered the remainder of the contentions of the

parties and does not believe they require further discussion.  As a result of the

considerations detailed above, the Court holds that USCIT Rule 13(a) does not bar the

government from pursuing its penalty claims via the <u>Tenacious</u> case.  In consequence of

that finding, it is hereby

**ORDERED** that Defendant's motion to dismiss is denied.


                                                    /s/Gregory W. Carman
                                                  Gregory W. Carman, Judge

Dated:   May 15, 2013
              New York, NY