Slip Op. 14-101

UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| UNITED STATES,  Plaintiff,  v.  TENACIOUS HOLDINGS, INC. formerly known as Ergodyne Corp.,  Defendant. | Before: Gregory W. Carman, Judge Court No. 12-00173 |

OPINION

[Defendant's motion for referral to court-annexed mediation will be granted.]

*Joshua A. Mandlebaum*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for Plaintiff. With him on the brief were *Stuart F. Delery*, Assistant Attorney General, *Jeanne E. Davidson*, Director, and *Franklin E. White*, Assistant Director. Of counsel on the brief was *Philip J. Hiscock*, Staff Attorney, Office of Associate Chief Counsel, U.S. Customs and Border Protection, of Chicago, IL.

*John M. Peterson*, *Maria E. Celis*, *Richard F. O'Neill*, and *Russell A. Semmel*, Neville Peterson LLP, of New York, NY, for Defendant.

September 2, 2014

Carman, Judge: Before the Court is the Motion for Referral to Court-Annexed Mediation ("Mot.") filed by Defendant Tenacious Holdings, Inc. ("Tenacious"), ECF No. 31. Plaintiff United States ("United States" or "Government") opposes the motion. *See* Pl.'s Resp. to Def.'s Mot. for an Order Referring This Matter to Mediation ("Opp."), ECF No. 32. For the reasons that follow, the Court will grant the motion and an Order of Referral to Court-Annexed Mediation will issued separately.

## BACKGROUND

The United States brought this penalty case against Tenacious seeking penalties for negligent misclassification of work gloves. Compl., ECF No. 2. Prior to the initiation of this action, Tenacious had already brought an action challenging the proper classification of the same work gloves at issue in this case. *See Ergodyne Corp. v. United States*, Court No. 10-00200 ("*Ergodyne*"). *Ergodyne* is also pending before the Court.

The current schedule for this case was set by a consent amended scheduling order. Order of March 5, 2014, ECF No. 30. The current deadline for discovery is September 29, 2014, with dispositive motions to be filed on or before November 10, 2014. *Id.*

Besides the present motion for referral to mediation, the parties have filed several other motions. Three of these motions seek to resolve discovery conflicts between the parties. *See* Pl.'s Mot. to Compel Discovery Resps. and to Deem Unanswered Reqs. for Admission to be Admitted, ECF No. 33 (June 16, 2014); Def.'s Opp'n to Pl.'s Mot. to Compel, and Cross-Mot. for a Protective Order, ECF No. 34 (July 7, 2014); and Pl's Mot. for Leave to File a Reply to Def.'s Resp. to Pl.'s Mot. to Compel Discovery Resps. and to Deem Unanswered Reqs. for Admission to be Admitted, ECF No. 35 (July 11, 2014). Plaintiff and Defendant have also filed cross-motions for partial judgment seeking a resolution to the threshold legal question of the proper tariff classification of the goods at issue in this case. *See* Pl.'s Mot. for Partial Summary J., ECF No. 39 (August 5, 2014); Def.'s Cross-Mot. for Partial Summary J., ECF No. 42 (August 25, 2014).

Because the Court finds the potential benefits of mediation outweigh the risks, the motion will be granted.

### DISCUSSION

Tenacious claims referral to mediation is appropriate here for six reasons. First, Tenacious claims that penalty actions are inherently suited to mediation because they often settle, given that the Court has wide latitude over the central issue of whether the defendant importer exercised reasonable care in classifying the goods at entry. Mot. at 3. Second, Tenacious notes that the approximately $50,000 amount sought by the government in penalties and unpaid duties could be exceeded by litigation expenses, giving the parties an incentive for early resolution. *Id.* at 3-4. Third, Tenacious claims that the relevant provision of the tariff schedule is so ambiguous as to make it unlikely that the negligence penalty would be found appropriate. *Id.* at 4-5. Fourth, Defendant notes that the classification provision at issue expired in 2009, so the parties have no interest in a court judgment to guide its future application. *Id.* at 5. Fifth, Tenacious contends that the confidential forum of mediation may permit resolution without the waiver of attorney-client privilege that would be necessary if Tenacious were to invoke an advice-of-counsel defense to the negligent misclassification charge. *Id.* at 5-9. While Tenacious states that it has not yet asserted an advice-of-counsel defense, it recognizes that it may eventually have to do so. *Id.* at 8-9. Tenacious states that it "would prefer to seek a mediated resolution to this claim, if possible, so that a waiver will not become necessary," and suggests that such a waiver could impact the *Ergodyne* litigation as well. *Id.* at 8. Tenacious notes that "referral to mediation may likely enhance communication between the parties because there will be no risk that evidentiary privileges will be waived in the process" given the strict confidentiality of mediation discussions. *Id* at 8 n.4. Finally, Tenacious contends that referral to mediation will promote the goal of "just,

speedy, and inexpensive" resolution embodied in the Court's rules. *Id.* at 9-10 (quoting USCIT R. 1).

The United States opposes mediation. Opp. at 1. Noting that Tenacious' motion was filed the same day that Tenacious was due to produce certain discovery materials, the government claims that "Tenacious filed the present motion in hopes of avoiding its obligation to answer the Government's outstanding discovery requests." *Id.* The government argues that it would be "a waste of time" to enter mediation before Tenacious produces discovery. *Id.* at 2. From the government's perspective, the merits of the case cannot be properly weighed in mediation without full discovery. *Id.* at 4. The government states that it is "not interested in a mediation in which Tenacious would provide a hand-picked sample of its attorney-client communications" related to a potential advice-of-counsel defense, since that would allow Tenacious to "reveal favorable advice while withholding unfavorable advice" as well as "the information that its attorneys considered before providing advice." *Id.* The government also views the case "very seriously," disagreeing with Tenacious' view that the case's relatively small dollar value and lack of precedential value for future imports make it unimportant. *Id.* at 2.

Court-annexed mediation in the Court of International Trade is governed by USCIT Rule 16.1 ("Rule 16.1") and the Guidelines for Court Annexed Mediation ("Guidelines") incorporated therein by reference. Neither the consent of the parties nor a motion is required for referral to mediation; instead, CIT judges have broad authority to make a mediation referral "[a]t any time during the pendency of an action." USCIT R. 16.1. The Guidelines provide that a CIT judge may refer a case to mediation "in response to a consent motion," "in response to a motion from one or more parties," or "*sua sponte* by the assigned judge." Guidelines at 1. A motion by a

party must be filed "not less than 30 days prior to the scheduled date for the filing of: a motion for summary judgment; a motion pursuant to USCIT Rules 56.1 or 56.2; or trial (whichever occurs first)." USCIT R. 16.1. At the time Tenacious filed its motion, the scheduled deadline for dispositive motions was November 10, 2014, making the present motion timely under Rule 16.1.[1]

The parties have not provided authority regarding the manner in which the Court should decide a contested motion for referral to mediation. The basis for determining such a motion is not mentioned in Chapter 169 of Title 28 of the United States Code (containing statutes that govern CIT procedure), the USCIT Rules, or previously-published CIT cases or decisions on appeals therefrom. It has been held, however, that a United States district court may compel mediation pursuant to its authority under local court rule, statute, the Federal Rules of Civil Procedure, or the court's inherent powers. *In re Atlantic Pipe Corp.*, 304 F.3d 135, 140 (1st Cir. 2002) ("*Atlantic Pipe*"); *see also* 1 Sarah R. Cole et al., Mediation: Law, Policy and Practice § 9:2 (2011-12 ed.) (identifying the sources of authority to order mandatory nonbinding mediation as "statutes, court rules and the court's inherent power").

Here, the Court's power to order mediation is grounded in Rule 16.1 and the Guidelines, which do not establish any express limitations on that authority. The matter is left to the Court's discretion, limited by the bounds of its inherent powers. In deciding how to exercise that discretion, it seems wise to accept guidance from the Court of Appeals for the First Circuit, which identified four limits to a district court's exercise of its inherent power to order mediation

---

[1] The Court notes that, after this motion became ripe and almost three months prior to the November 10, 2014 motion deadline, the government filed a motion for partial summary judgment. *See* Pl.'s Mot. for Partial Summary J., ECF No. 39 (August 5, 2014).

in *Atlantic Pipe*: (1) "inherent powers must be used in a way reasonably suited to the enhancement of the court's processes, including the orderly and expeditious disposition of pending cases"; (2) "inherent powers cannot be exercised in a manner that contradicts an applicable statute or rule"; (3) "the use of inherent powers must comport with procedural fairness"; and (4) "inherent powers must be exercised with restraint and discretion." *Atlantic Pipe*, 304 F.3d at 143 (internal quotations and citations omitted).

In evaluating whether mediation may assist in the orderly and expeditious disposition of this case, the Court has given careful consideration to the objections of the government. Although the government is opposed to the idea that mediation may be successful, the Court is mindful that "the results of mandatory mediation resemble those achieved in voluntary mediation in terms of settlement rates and party satisfaction." Cole et al., *supra*, § 9.2. Tenacious is correct that mediation is more likely to be successful given that the amount in dispute here is relatively low and the tariff provision at issue is no longer in effect and therefore resolution of this case is unlikely to impact future cases. Noting these practical factors does not suggest that the case is unimportant, merely that it may be amenable to early resolution. Ordering mediation is consistent with Rule 16.1 and the Guidelines. Since there are no fees for court-annexed mediation in the CIT, the financial concerns that sometimes arise with mediation referrals are inapplicable. Referral to mediation will not cause any procedural unfairness, since the discovery issues at the core of the government's concerns will be fully addressable by order of the Court should mediation be unsuccessful. Although the Court acknowledges the government's concerns about mediating without the robust information that it would have after the completion of discovery, the Court does not agree that mediation is bound to fail at this stage. Many cases are

resolved in mediation prior to the production of all discovery, and Rule 16.1 and the Guidelines clearly contemplate referrals to mediation prior to the completion of discovery. The government cannot accurately prejudge what information Tenacious may produce in the confidential setting of mediation; if the government approaches the process with good faith, as the Court expects it to do, it may be surprised to find that the case is more amenable to disposition than the government fears.

## CONCLUSION

For the foregoing reasons, Defendant's motion will be granted. An Order of Referral to Court-Annexed mediation will issue separately.

/s/Gregory W. Carman
Gregory W. Carman, Judge

Dated: September 2, 2014
       New York, NY